IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Barrett Conway, | No. CV 05-2052-PHX-JWS (ECV) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Dora B. Schriro, et al., | |
| Respondents. | |

TO THE HONORABLE JOHN W. SEDWICK, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Petitioner Michael Barrett Conway has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he challenges a state court conviction. Doc. #1. On March 22, 2001, pursuant to a plea agreement, Petitioner pleaded guilty in Maricopa County Superior Court to one count of stalking, a class three felony under Arizona law. Doc. #15, Exh. D. On June 4, 2002, Petitioner was sentenced to 7.5 years in prison for the conviction. Doc. #15, Exh. G. The trial court ordered the sentence to run consecutively to a sentence Petitioner was serving in California. Id. The court awarded Petitioner credit for 87 days of presentence incarceration. Id.

Petitioner filed a Notice of Post-Conviction Relief in the state trial court on September 9, 2002. Doc. #15, Exh. H. After counsel was appointed, Petitioner filed a Petition for Post-Conviction Relief on February 25, 2003. Id. at Exh. J. The only claim for relief alleged in the petition was that the trial court erred by failing to award 590 days of presentence incarceration credit. Id. Petitioner claimed that he was entitled to credit against his Arizona sentence for the time he was held in California to answer charges there. Id. Petitioner was transported to California after he pleaded guilty to the stalking charge but before he was sentenced. Doc. #15, Exh. F at 19-21. The trial court denied the petition on September 22, 2003. Id. at Exh. L. Petitioner filed a Petition for Review in the Arizona Court of Appeals on October 22, 2003, which was denied on January 12, 2005. Id. at Exh. M, O. On March 3, 2005, Petitioner filed a *pro se* Petition for Review in the Arizona Supreme Court, which was denied on May 2, 2005. Id. at Exh. R, S.

Petitioner also filed a habeas corpus petition in the state court, which, pursuant to Rule 32.2 of the Arizona Rules of Criminal Procedure was treated as a second petition for post-conviction relief. Doc. #15, Exh. N, T. Petitioner filed the petition on August 4, 2004 and it was denied by the trial court in a minute entry filed on July 14, 2005. Id. A petition for review to the Arizona Court of Appeals was denied as untimely. Id. at Exh. V, W.

On July 11, 2005, Petitioner filed his habeas petition in this court. Petitioner alleges five grounds for relief: (1) the trial court violated Petitioner's rights under the Due Process Clause by failing to award presentence incarceration credit toward his Arizona sentence for time he spent in custody in California to answer charges there; (2) the trial court failed to comply with the terms of Petitioner's plea agreement, which included an oral agreement to run the Arizona sentence concurrent with the California sentence; (3) the trial court violated Petitioner's rights under the Due Process Clause by allowing the victim to speak last at the sentencing hearing, after she had initially declined, thus denying Petitioner the opportunity to respond; (4) the Ex Post Facto Clause was violated when, after a change in the law increasing the felony classification for stalking, the State dismissed the original indictment and re-indicted Petitioner to reflect the new, more serious classification; and (5) Petitioner's

lawyer during the state post-conviction proceedings provided ineffective assistance of counsel by refusing to raise claims that Petitioner wanted to present to the court. Respondents filed an Answer to Petition for Writ of Habeas Corpus on February 13, 2006. Doc. #22.  Petitioner filed a Reply to Respondents' Answer on April 27, 2006.  Doc. #22. In addition, on March 8, 2006, Petitioner filed a Motion for an Evidentiary Hearing.  Doc. #19.  Respondents filed an Objection to Motion for Evidentiary Hearing and Petitioner filed a Reply to Respondents' Objection.  Doc. #20, #21.

## DISCUSSION

Respondents contend in their answer that four of Petitioner's five grounds for relief are procedurally defaulted.  With respect to the one remaining ground for relief, Respondents concede that Petitioner exhausted his state court remedies but they argue that Petitioner's claim fails on the merits.  In his reply, Petitioner argues that cause and prejudice exists to excuse the procedurally defaulted grounds.  Petitioner further argues that he should prevail on the merits of the ground that was fully exhausted.

**A.    Procedural Default**

A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court.  28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991).  To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner.  O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).  In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief.  Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994).  A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based.  Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir.1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001).

1    If a petition contains claims that were never fairly presented in state court, the federal

2    court must determine whether state remedies remain available to the petitioner.  See Rose v.

3    Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-270 (1989)

4    (O'Connor, J., concurring).  If remedies are still available in state court, the federal court may

5    dismiss the petition without prejudice pending the exhaustion of state remedies.   Id.

6    However, if the court finds that the petitioner would have no state remedy were he to return

7    to the state court, then his claims are considered procedurally defaulted.  Teague v. Lane, 489

8    U.S. 288, 298-99 (1989); see also Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (a

9    defendant's claim is procedurally defaulted when it is clear that the state court would hold

10   the claim procedurally barred).  The federal court will not consider these claims unless the

11   petitioner can demonstrate that a miscarriage of justice would result, or establish cause for

12   his noncompliance and actual prejudice.  See Dretke v. Haley, 124 S.Ct. 1847, 1851-52

13   (2004); Schlup v. Delo, 513 U.S. 298, 321 (1995); Coleman v. Thompson, 501 U.S. 722,

14   750-51 (1991);  Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

15        A procedural default may also occur when a petitioner raises a federal claim in state

16   court but the state court declines to address the claim because the petitioner failed to meet

17   a state procedural requirement.  Coleman, 501 U.S. at 729-30.  In such cases, federal habeas

18   review is precluded if the state court opinion contains a plain statement clearly relying on a

19   state procedural bar that presents an independent and adequate basis for the court's decision.

20   See Harris, 489 U.S. at 263.  Moreover, even if after rejecting a federal claim on procedural

21   grounds, the state court goes on to discuss the merits, the procedural bar is not eliminated.

22   See id. at 264 n.10; Poland v. Stewart, 169 F.3d 573, 578 n.8 (9th Cir. 1998).  As with

23   defaulted claims that were not fairly presented, a federal court may still review the merits of

24   a defaulted claim based on a state procedural bar if the petitioner can establish cause and

25   prejudice.  See Coleman, 501 U.S. at 750-51.

26   **1.      Ground Three**

27        Petitioner's claim in ground three, that the court violated the Due Process Clause by

28   allowing the victim to speak last at the sentencing hearing after she had previously declined,

1   was not raised in Petitioner's petition for post-conviction relief in state court.  Doc. #15, Exh.

2   J.   Nor was the issue raised in the subsequent petitions for review to the Arizona Court of

3   Appeals and the Arizona Supreme Court.  Doc. #15, Exh M, R.  Petitioner also failed to raise

4   this claim in his state petition for writ of habeas corpus (construed as a second petition for

5   post-conviction relief).  Doc. #15, Exh. N.  By failing to fairly present the claim in ground

6   three in the state court, Petitioner has failed to exhaust his state court remedies.  Moreover,

7   Petitioner would no longer have a remedy if he returned to the state court.[1]  As a result, the

8   claim is procedurally defaulted.

9           Petitioner argues in his reply that his lawyer's refusal to include this claim in his

10  petition for post conviction relief establishes cause and prejudice such that the procedural

11  default should be excused.  Petitioner argues that the claim was included in the notice of

12  post-conviction relief that he prepared but when his lawyer prepared the actual petition, the

13  claim was left out.  However, the claim that Petitioner included in his notice was not a federal

14  claim.  The claim in the notice alleged that the judge applied a statutory aggravating factor

15  based on statements from the victim that should not have been considered because she had

16  previously declined to address the court.  Doc. #15, Exh. H at 9-10.  Thus, even if Petitioner's

17  lawyer had included the claim in the post-conviction petition, it did not allege a violation of

18  the Due Process Clause.  As a result, the federal due process claim currently before the court

19  still would not have been exhausted.  In addition, Petitioner's petition for review to the

20  Arizona Supreme Court and his subsequent state habeas petition were filed *pro se* and did

21  not contain this claim.  Petitioner cannot blame the lawyer for his own failure to include the

22  claim in his *pro se* filings in the state court.  Finally, because Petitioner did not have the right

23  to effective assistance of counsel during his post-conviction proceedings, ineffective

24  assistance cannot constitute cause to excuse the procedural default.  See Coleman, 501 U.S.

25  at 757; Bargas v. Burns, 179 F.3d 1207, 1215 (9th Cir. 1999).

26

27          [1] The time has passed to seek further post-conviction relief in state court under Rule
28  32.4(a) of the Arizona Rules of Criminal Procedure and Petitioner has not shown that any of
    the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

1    For these reasons, the court finds that Petitioner has not established cause for his

2    failure to raise this issue in state court, nor has he shown actual prejudice.  Petitioner has also

3    not demonstrated that a miscarriage of justice would result if this issue is not addressed.

4    Accordingly, ground three is procedurally defaulted and the court will recommend that it be

5    denied.

6         **2.    Ground Four**

7         Petitioner's allegation in ground four, that his re-indictment violated the Ex Post Facto

8    Clause, was not raised in Petitioner's petition for post-conviction relief in state court.  Doc.

9    #15, Exh. J.   Nor was the issue raised in the subsequent petitions for review to the Arizona

10   Court of Appeals and the Arizona Supreme Court.  Doc. #15, Exh M, R.  The first time

11   Petitioner raised this issue in state court was in his state habeas petition filed on August 4,

12   2004.  Doc. #15, Exh. N.  The state trial court denied the petition based on a state procedural

13   bar.  Doc. #15, Exh. T.  The court relied on Rule 32.3(a)(3) of the Arizona Rules of Criminal

14   Procedure which provides that a petitioner is precluded from obtaining relief on any ground

15   that has been waived in a previous collateral proceeding.  Id.  Because Petitioner failed to

16   raise the ex post facto claim in his prior collateral proceeding, the court found that the claim

17   was precluded.  Id.  The court further addressed Petitioner's argument that he did not raise

18   the claim in his previous collateral proceeding because his lawyer refused to include it in the

19   petition.  Id.  The court found that by pleading guilty, Petitioner waived all non-jurisdictional

20   defects in the proceedings, including an alleged ex post facto violation, and therefore the

21   lawyer's failure to include it was not an error.  Id.  Petitioner's subsequent petition for review

22   challenging the trial court's order was denied as untimely.  Doc. #15, Exh. W.  The court

23   finds that the trial court's opinion clearly relies on a state procedural bar that presents an

24   independent and adequate basis for the court's decision.  As a result, Petitioner's ex post facto

25   claim is procedurally defaulted.

26   Petitioner again argues in his reply that his lawyer's refusal to include the claim in his

27   first round of state collateral review establishes cause and prejudice to excuse the procedural

28   default.  For the same reasons stated by the state trial court, however, Petitioner cannot

1    establish actual prejudice.  As a general rule, a guilty plea eliminates subsequent claims of

2    constitutional violations that occurred before the plea.  United States v. Montilla, 870 F.2d

3    549, 552 (9th Cir. 1989); Marrow v. United States, 772 F.2d 525, 527 (9th Cir. 1985).  "[O]ne

4    who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently

5    seek federal habeas corpus relief on the basis of pre-plea constitutional violations."  Hudson

6    v. Moran, 760 F.2d 1027, 1029-30 (9th Cir.), cert. denied, 474 U.S. 981 (1985).   An

7    unconditional guilty plea "cures all antecedent *constitutional* defects."  United States v.

8    Floyd, 108 F.3d 202, 204 (9th Cir.1997) (emphasis in original).  "When a criminal defendant

9    has solemnly admitted in open court that he is in fact guilty of the offense with which he is

10   charged, he may not thereafter raise independent claims relating to the deprivation of

11   constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack

12   the voluntary and intelligent character of the guilty plea."  Tollett v. Henderson, 411 U.S.

13   258, 267 (1973).

14        In addition, as set forth above, Petitioner did not have a Sixth Amendment right to

15   effective assistance of counsel during his post-conviction proceedings.  See Coleman, 501

16   U.S. at 757; Bargas v. Burns, 179 F.3d at 1215.  As a result, ineffective assistance cannot

17   establish cause for the default.  Id.  Having failed to present a basis to overcome the

18   procedural default, the court will recommend that the ex post facto claim be denied.

19   **B.    Failure to State Federal Claim**

20        A state prisoner may seek a writ of habeas corpus "only on the ground that he is in

21   custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

22   § 2254(a); Engle v. Isaac, 456 U.S. 107, 119 (1982).  Habeas relief may not be granted in the

23   absence of violations of federal law.  Id.  "In conducting a habeas review, a federal court is

24   limited to deciding whether a conviction violated the Constitution, laws or treaties of the

25   United States."  Estelle v. McGuire, 502 U.S. 62, 68 (1991).

26        Petitioner alleges in ground two that the prosecutor and defense attorney who handled

27   his plea agreement orally agreed that he would be transported to California to address

28   outstanding charges there before coming back to Arizona to be sentenced on the stalking

1   conviction.  Doc. #1 at 6.  He further alleges that part of the agreement was to run his

2   sentence in Arizona concurrent with what all the parties expected would be a life sentence

3   out of California.  Id.  Petitioner contends that after he returned from California, the

4   prosecutor retracted the oral agreement and recommended that the Arizona sentence run

5   consecutive to the California sentence.  Id.

6        Petitioner's allegations in ground two fail to allege a deprivation of federal rights.[2]

7   When directed on the form petition to identify the constitutional right or federal law that was

8   violated, Petitioner states only that his plea agreement was obtained based on a promise that

9   was later broken.  Doc. #1 at 6.  He says nothing about a constitutional provision or other

10  federal law that was violated based on these facts.  In the absence of an alleged violation of

11  federal law in ground two, the court will recommend that it be denied.

12  **C.   Ineffective Assistance of Post-Conviction Counsel**

13       A prisoner has no federal constitutional right to counsel in state post-conviction

14  proceedings.  Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  Absent such a right, "a

15  petitioner cannot claim constitutionally ineffective assistance of counsel in such

16  proceedings."  Coleman v. Thompson, 501 U.S. 722, 752 (1991); see also Moran v.

17  McDaniel, 80 F.3d 1261, 1271 ("We have concluded there is no Sixth Amendment right to

18  effective assistance of counsel during state or federal habeas corpus proceedings.").

19  Moreover, the federal habeas statute for state convictions expressly prohibits claims based

20  on the ineffectiveness of counsel during state collateral post-conviction proceedings.  28

21  U.S.C. § 2254(i).

22       In ground five of the petition, Petitioner alleges that the lawyer who represented him

23  in the state post-conviction proceedings provided ineffective assistance of counsel. Petitioner

24  claims that the attorney failed to raise colorable claims in the post-conviction petition that

25  Petitioner asked him to raise. However, because Petitioner had no Sixth Amendment right

26

27       [2] Although Respondents contend that Petitioner's claim in ground two is procedurally
    defaulted, the court need not reach that issue because Petitioner failed to allege a federal
28  claim.

- 8 -

1    to counsel for his state petition for post-conviction relief, he cannot claim ineffective

2    assistance during those proceedings.  Further, the statute under which Petitioner has brought

3    his habeas petition prohibits him from raising this claim.  For these reasons, the court will

4    recommend that Petitioner's claim alleging ineffective assistance against his state post-

5    conviction counsel be denied.

6    **D.    Merits Analysis Regarding Ground One**

7          **1.    AEDPA Standard of Review**

8          Under the AEDPA[3], a federal court "shall not" grant habeas relief with respect to "any

9    claim that was adjudicated on the merits in State court proceedings" unless the State court

10   decision was (1) contrary to, or an unreasonable application of, clearly established federal

11   law as determined by the United States Supreme Court; or (2) based on an unreasonable

12   determination of the facts in light of the evidence presented in the State court proceeding.

13   28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J.,

14   concurring and delivering the opinion of the Court as to the AEDPA standard of review).

15   A state court's decision is "contrary to" clearly established precedent if (1) "the state court

16   applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2)

17   "if the state court confronts a set of facts that are materially indistinguishable from a decision

18   of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent."

19   Taylor, 529 U.S. at 405-06.  "A state court's decision can involve an 'unreasonable

20   application' of Federal law if it either (1) correctly identifies the governing rule but then

21   applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails

22   to extend a clearly established legal principle to a new context in a way that is objectively

23   unreasonable."  Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002).  When applying

24   this standard, the court reviews the "last reasoned decision by a state court." Robinson v.

25   Ignacio, 360 F.3d 1044, 1055 (9th Cir.2004) (citation and internal quotation marks omitted).

26         **2.    Ground One**

27   _____

28         [3] Antiterrorism and Effective Death Penalty Act of 1996.

1        Petitioner contends that he should have been awarded presentence incarceration credit

2    of 590 days toward his Arizona sentence instead of the 87 days that the trial court granted.

3    He alleges that the failure to award him credit for the additional days violates the Due

4    Process Clause.  Petitioner was incarcerated on the Arizona charge in July 2000 and posted

5    bond in September 2000.  Doc. #15, Exh. F at 19.  On January 17, 2001, Petitioner was

6    arrested and taken into custody on the California charges.  Id.  Shortly thereafter, the bond

7    on his Arizona charge was exonerated.  Id. at 20.  Petitioner pled guilty in the Arizona case

8    on March 22, 2001.  Doc. #15, Exh. D.  He was then transported to California in April 2001

9    to answer charges there.  Doc. #15, Exh. F at 20.  After being sentenced in California,

10   Petitioner was returned to the Maricopa County jail in April 2002.  Id.  He was sentenced for

11   the Arizona offense on June 4, 2002.  Doc. #15, Exh. F.  The court impose a sentence of 7.5

12   years and ordered it to run consecutively to the California sentence.  Doc. #15, Exh. G.  The

13   court granted Petitioner presentence incarceration credit of 87 days for the time between July

14   and September 2000 when he was in custody solely on the Arizona charge.  Id. at 46.  The

15   court found that beginning with his arrest on January 17, 2001, until the Arizona sentencing

16   date, Petitioner was receiving incarceration credit toward his California sentence.  Id. at 46.

17   As a result, the court concluded that it was not required to give him credit for that time

18   toward his Arizona sentence.  Id.

19       When Petitioner raised this issue in the state post-conviction proceedings, the trial

20   court rejected the claim.  Relying on four Arizona cases, the court reasoned that when a

21   defendant receives consecutive sentences, he is entitled to presentence incarceration credit

22   toward only one of those sentences.  Doc. #15, Exh. L.  Plaintiff received credit towards his

23   California sentence for all the time he was in custody between January 17, 2001 and June 4,

24   2002, the date of his Arizona sentencing.  Id.  Accordingly, the court concluded that he was

25   not entitled to receive credit toward his Arizona sentence for that same period of time.  Id.

26       There is no federal constitutional right to presentence incarceration credit toward the

27   ultimate sentence of imprisonment.  Lewis v. Cardwell, 609 F.2d 926, 928 (9th Cir. 1979).

28   To establish a due process violation in this context, a petitioner must show that the failure

1    to award presentence credits violated state law. <u>Aycox. v. Lytle</u>, 196 F.3d 1174, 1179 (10th

2    Cir. 1999). If the state court violated its own laws, the petitioner must further show that the

3    alleged violation denied him due process under the Fifth and Fourteenth Amendments. <u>Id.</u>

4    (citing <u>Hicks v. Oklahoma</u>, 447 U.S. 343, 346 (1980)).

5            Under Arizona law, when consecutive sentences are imposed, a defendant is entitled

6    to presentence incarceration credit toward only one of the sentences. <u>State v. Cruz-Mata</u>, 138

7    Ariz. 370, 376, 674 P.2d 1368, 1374 (1983); <u>State v. Chavez</u>, 172 Ariz. 102, 103, 834 P.2d

8    825, 826 (App. 1992). This rule applies "even if the the defendant was in custody pursuant

9    to *all* of the underlying charges prior to trial." <u>State v. McClure</u>, 189 Ariz. 55, 57, 938 P.2d

10   104, 106 (App. 1997) (emphasis in original). "It is irrelevant whether one of the consecutive

11   sentences was federal, or whether the time credited against one of the sentences was served

12   in-state or out-of-state." <u>Id.</u>

13           The court finds that the trial court properly applied Arizona law when it denied

14   Petitioner's petition for post-conviction relief in state court.[4]  Because the California court

15   had already awarded Petitioner credit for the time Petitioner was in custody after January 17,

16   2001 (the arrest date for the California charges), the Arizona court was not required to credit

17   that same time period toward the Arizona sentence. The fact that the sentences were imposed

18   in different jurisdictions is irrelevant. <u>See</u> <u>McClure</u>, 189 Ariz. at 57, 938 P.2d at 106.

19   Petitioner therefore has failed to establish that the trial court's decision violated state law.

20   Consequently, Petitioner has not established a violation of the Due Process Clause. The

21   court therefore finds that the trial court's adjudication of Petitioner's presentence

22   incarceration claim was not (1) contrary to, or an unreasonable application of, clearly

23   established federal law as determined by the United States Supreme Court; or (2) based on

24   an unreasonable determination of the facts in light of the evidence presented in the State

25

26

27           [4] Both the Arizona Court of Appeals and the Arizona Supreme Court affirmed the

28   decision without comment.

1   court.  See 28 U.S.C. § 2254(d).  The court will recommend that the claim in groung one be

2   denied.

3   **E.      Motion for Evidentiary Hearing**

4          With respect to Petitioner's request for an evidentiary hearing, the court finds that he

5   has not made the required showing under 28 U.S.C. § 2254(e)(2).  The court finds that the

6   state court record was sufficiently developed to permit a proper review in the federal court.

7   The court will therefore recommend that the motion for an evidentiary hearing be denied.

8   **F.      Conclusion**

9          Having determined that two of Petitioner's claims are procedurally defaulted and that

10  the other three should be denied on other grounds, the court will recommend that the petition

11  be denied and dismissed with prejudice.  The court will further recommend that Petitioner's

12  motion for an evidentiary hearing be denied.

13  **IT IS THEREFORE RECOMMENDED:**

14         That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1)

15  be **DENIED** and **DISMISSED WITH PREJUDICE**; and

16         That Petitioner's Motion for an Evidentiary Hearing (Doc. #19) be **DENIED**.

17         This recommendation is not an order that is immediately appealable to the Ninth

18  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

19  Appellate Procedure, should not be filed until entry of the district court's judgment.  The

20  parties shall have ten days from the date of service of a copy of this recommendation within

21  which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.

22  Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a

23  response to the objections.  Failure to timely file objections to the Magistrate Judge's Report

24  and Recommendation may result in the acceptance of the Report and Recommendation by

25  the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,

26  1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the

27  Magistrate Judge will be considered a waiver of a party's right to appellate review of the

28

1   findings of fact in an order of judgement entered pursuant to the Magistrate Judge's

2   recommendation.  <u>See</u> Fed. R. Civ. P. 72.

3          DATED this 3rd day of August, 2006.

Edward C. Voss
United States Magistrate Judge